# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT L. MILLER, #10474-088, | |
| Petitioner, | CIVIL ACTION NO. 3:19-cv-02159 |
| v. | (MANNION, J.)<br>(SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## **REPORT AND RECOMMENDATION**

This proceeding was initiated by a *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the petitioner, Lamont L. Miller, on December 12, 2019. At the time of filing, Miller was incarcerated at FCI Allenwood Low, which is located in Union County, Pennsylvania.

Miller challenges his sentence in the United States District Court for the Southern District of West Virginia for receiving and possession of a firearm while under felony indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). *United States v. Miller*, Case No. 3:11-cr-00192 (S.D.W. Va. judgment entered Nov. 15, 2012), *aff'd per curiam*, 529 Fed. App'x 331 (4th Cir. 2013), *cert. denied*, 571 U.S. 1085 (2013). At the time of the commission of these offenses, Miller was under indictment for

various federal drug offenses. *See United States v. Miller*, Case No. 3:11-cr-00062 (S.D.W. Va. judgment entered Nov. 15, 2012), *aff'd per curiam*, 529 Fed. App'x 331 (4th Cir. 2013), *cert. denied*, 571 U.S. 1085 (2013).[1] The petition alleges that, at the time of his firearms offenses, Miller was unaware of his status as a person under federal indictment. In a recent decision, the Supreme Court of the United States held that a federal sentencing statute, § 924(a)(2), which authorizes imprisonment for "knowingly" violating a separate statutory provision, § 922(g), which lists several categories of individuals who cannot lawfully possess firearms, requires the defendant to know not only that he possessed a firearm, but also that he had the relevant status when he possessed the firearm. *See Rehaif v. United States*, 139 S. Ct. 2191 (2019). Based on this new statutory interpretation, Miller claims that his federal sentence for these firearms offenses was unlawful.[2]

Miller does not appear to have previously challenged his sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28

---

[1] Although assigned separate docket numbers, the firearm and drug cases appear to have been consolidated for trial, and on appeal as well.
[2] We note that Miller was sentenced under a similarly—but not identically—worded set of statutes, § 922(n) and § 924(a)(1)(D). Whether this distinction is material is for the sentencing court to determine.

U.S.C. § 2255 in the sentencing court. Nor does he appear to have previously filed a § 2241 petition in any federal district court.

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the

legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, Miller challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F. Supp. 2d at 726–27. Moreover, "Section 2255 is not inadequate or ineffective merely because . . . the one-

year statute of limitations has expired . . . ." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (citing *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)). In a brief accompanying his petition, Miller argues, in cursory fashion, that he is "actually innocent" of the offense for which he was convicted. (Doc. 2, at 1, 4.) But merely asserting his "actual innocence" does not render the § 2255 remedy inadequate or ineffective. *See Brown v. Bledsoe*, 367 Fed. App'x 294, 295 (3d Cir. 2010) (per curiam).

One circumstance in which § 2255 has been found to be inadequate or ineffective is "in a situation in which a successive petitioner can allege both that the Supreme Court, *since his last petition*, has interpreted the statute under which he was convicted in a new way and that his conduct was lawful under the statute as subsequently interpreted." *In re Dorsainvil*, 119 F.3d 245, 253 (3d Cir. 1997) (Stapleton, J., concurring) (emphasis added). But this *Dorsainvil* exception does not apply in this case because Miller is not a successive petitioner who "had no prior opportunity to raise his challenge in an initial § 2255 motion because [*Rehaif*] was decided after his § 2255 proceeding was complete." *See Boatwright v. Warden Fairton FCI*, 742 Fed. App'x 701, 703 (3d Cir. 2018) (per curaim) (citing *Dorsainvil*, 119 F.3d at 246, 251). Indeed, it appears

that Miller has not attempted to file an initial § 2255 motion with the sentencing court, and the time for doing so may not yet have expired.[3] *See id.; see also United States v. Lloyd*, 188 F.3d 184, 187 (3d Cir. 1999), *abrogated on other grounds by Dodd v. United States*, 545 U.S. 353, 357 (2005). That avenue for relief appears to remain open to him in the sentencing court.

Accordingly, this Court lacks subject matter jurisdiction to decide the instant § 2241 petition. Therefore, finding it to be in the interest of justice, we recommend that the petition (Doc. 1) be **TRANSFERRED** to the petitioner's sentencing court, the United States District Court for the Southern District of West Virginia, for treatment as a § 2255 motion in order to preserve its filing date for statute of limitations purposes. *See* 28 U.S.C. § 1631 (permitting transfer of a matter over which the Court lacks jurisdiction to the appropriate forum where the Court determines that "it is in the interest of justice"); *Boatwright*, 742 Fed. App'x at 704.

Dated: January __9__, 2020

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[3] We leave that determination to the sentencing court.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT L. MILLER, #10474-088, | |
| Petitioner, | CIVIL ACTION NO. 3:19-cv-02159 |
| v. | (MANNION, J.)<br>(SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January __9__, 2020. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

- 2 -

objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: January ___9___, 2020

_____
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge