# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

LAMONT L. MILLER, :

Petitioner : CIVIL ACTION NO. 3:19-2159

v. :

UNITED STATES OF AMERICA, : (JUDGE MANNION)

Respondent :

## MEMORANDUM

### I. BACKGROUND

Pending before the court is the January 9, 2020 report and recommendation, (Doc. 5), of Judge Saporito recommending that the petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, filed by petitioner Lamont L. Miller, an inmate confined at USP-Allenwood, White Deer, Pennsylvania, (Doc. 1), be transferred to the court that sentenced him since this court lacks jurisdiction over the petition. Judge Saporito finds that since petitioner challenges the legality of his conviction and sentence for a firearms violation imposed by the United States District Court for the Southern District of West Virginia the proper avenue for his relief is a motion to vacate his conviction and sentence pursuant to 28 U.S.C. §2255, and not a habeas petition.

To date, petitioner Miller has not filed any objections to Judge Saporito's report and the time within which to do so has expired.

## II. STANDARD OF REVIEW

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

A federal prisoner like Miller is generally required to use 28 U.S.C. §2255 to collaterally attack his conviction or sentence on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). He "can seek relief under §2241 only if the remedy provided by §2255 is inadequate or ineffective to test the legality of his detention." Manna v. Schultz, 454 Fed.Appx. 31, 33 (3d Cir. 2010). As the report explains, the remedy afforded Miller by §2255 is not inadequate or ineffective to challenge his conviction and sentence. Thus, Miller, who challenges the validity of his sentence as imposed by the United States District Court for the Southern District of West

2

Virginia, is required to raise such a challenge in that sentencing court under 28 U.S.C. §2255.

When a petitioner improperly challenges a conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. <u>Gardner v. Warden Lewisburg USP, 845 F.3d 99, 104 (3d Cir. 2017)</u> (affirming the District Court's order denying Gardner's §2241 habeas petition for lack of jurisdiction).

Although the court lacks jurisdiction over Miller's habeas petition under 28 U.S.C. §2241, in the interest of justice, it will transfer the petition to the United States District Court for the Southern District of West Virginia to be treated as a §2255 motion.

## III. CONCLUSION

Based on the foregoing, the court will **ADOPT** the report and recommendation. (Doc. 5). Since the court lacks jurisdiction over Miller's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, (Doc. 1), the petition will be **TRANSFERRED** to the United States District Court for the Southern District of West Virginia. An appropriate order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
United States District Judge

Date: **February 18, 2020**

19-2159-01.wpd

3