IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**LAMONT LEE MILLER,**

    **Movant,**

v.                                                                                  Case No. 3:20-cv-00138
                                                                               Case No. 3:11-cr-00062-1
                                                                               Case No. 3:11-cr-00192-1

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, construed as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF No. 111).[1] This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Movant's motion be denied and this matter be dismissed, with prejudice, and removed from the docket of the Court. Given that the undersigned conclusively **FINDS** that Movant is not entitled to the relief

---

[1] The ECF citations in this PF&R are taken from Miller's second criminal case: *United States v. Miller*, No. 3:11-cr-00192-1 (S.D.W. Va. 2012) ("*Miller II*").

1

requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I. Procedural Background

### *A. Conviction and Sentencing*

On March 1, 2011, a grand jury returned an eight-count indictment charging Miller with drug offenses as well as two counts for violation of 18 U.S.C. § 922(n), which renders receipt of a firearm unlawful for a person under indictment for a crime punishable by imprisonment for a term exceeding one year. *United States v. Miller*, No. 3:11-cr-00162-1 (S.D.W. Va. 2012) ("*Miller I*"), at ECF No. 1. The basis for the firearm charges was Miller's indictment in West Virginia state court on a felony offense of malicious wounding. *Id.* at 1–2, 7. On May 31, 2012, the Government dismissed Counts 1, 6, and 8 of the indictment. *Miller I,* at ECF Nos. 54, 55. For counts 1 and 6, brought under § 922(n), the Government had included the incorrect penalty provision in the indictment, citing 18 U.S.C. § 924(a)(2) instead of § 924(a)(1)(D). *Miller I,* at ECF No. 53.

On August 29, 2011, Miller was charged in a two-count information in *Miller II* with receiving a firearm while under indictment. (ECF No. 1). The two charges in the information exactly mirrored counts 1 and 6 of the indictment in *Miller I*, except that the penalty provision provided was correct. (*Id.*). On August 30, 2011, Miller entered a written plea of guilty in *Miller II*, in which he waived his right to indictment. (ECF No. 4). At his plea hearing on August 30, 2011, Miller was found competent and capable of entering a guilty plea. (ECF No. 13 at 4). He was convicted of both counts of violating § 922(n) and § 941(a)(1)(D). (*Id.* at 13). On November 16, 2012, Miller was sentenced to 60 months of imprisonment to be followed by three years of supervised release and was also ordered to pay a $200 special assessment. (ECF No. 55). He appealed the judgment to the U.S. Court

of Appeals for the Fourth Circuit, which affirmed the District Court's decision. (ECF Nos. 57, 69, 70).

### B. Proceedings in the Middle District of Pennsylvania

On December 12, 2019, while incarcerated at FCI Allenwood Low in Union County, Pennsylvania, Miller filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. (ECF No. 108 at 1). Therein, he challenged his sentence under § 922(n) and § 924(a)(1)(D) based on the holding of a recent Supreme Court case, *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*Id.* at 2). The magistrate judge determined that because Miller challenged the imposition rather than the execution of his conviction, and did not show that a motion under 28 U.S.C. § 2255 was inadequate and ineffective to address his challenge, his claim should be transferred to the Southern District of West Virginia as a § 2255 motion. (*Id.* at 4–6). The district judge adopted the magistrate judge's findings, and Miller's claim was transferred to this Court. (ECF Nos. 109, 110).

### C. Instant Petition

The habeas petition originally filed in the Middle District of Pennsylvania was filed in this Court as a motion under § 2255. (ECF No. 111). Miller asserts in the motion that his convictions for receipt of a firearm while under indictment are invalid given the Supreme Court's recent decision in *Rehaif*. (*Id.* at 2, 6–7). He summarizes the holding of *Rehaif*, which concerned the Government's obligation to prove *mens rea* in prosecutions for firearm possession under § 922(g), and requests a court hearing to determine his "mental culpability to each of the statutory elements." (*Id.*).

On February 24, 2020, the undersigned ordered Respondent to answer Miller's motion. (ECF No. 114). The Government responded in opposition to Miller's motion on

April 24, 2020. (ECF No. 116). The Government asserts that *Rehaif* does not apply to Miller's convictions, because Rehaif was convicted under a different statutory provision than the offenses for which Miller was convicted, and Miller's convictions already required proof to satisfy a *mens rea* element. (*Id.* at 4). The Government further argues that Miller's knowledge of the status which rendered his conduct unlawful was well-established in his colloquy with the Sentencing Judge at his plea hearing. (*Id.* at 6–7). The Government adds that Miller cannot challenge his convictions under the Fourth Circuit's more recent decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), because Miller was fully informed of the "knowing" element of the relevant offense at the time of his plea. (*Id.* at 7–8). The Government requests that this Court deny Miller's motion and dismiss his claim. (*Id.* at 8).

Miller provided a rebuttal to the Government's response. (ECF No. 120). He argues that the state court did not inform him that he was not to possess any firearms and that therefore the "'knowingly' element in the statute was not known of at the time of the alleged offense." (*Id.* at 1–2). According to Miller, criminalizing his otherwise-innocent conduct before he had ever been convicted of a crime infringed on his liberty to exercise his rights under the Second Amendment. (*Id.*). He further argues that the penalty provision under which he was convicted, § 924(a)(1)(D), requires a showing that he acted "willfully," with knowledge that his conduct was unlawful, and that he did not possess such knowledge at the time he violated § 922(n). (*Id.* at 3). Miller asserts that the Government could not and did not prove that he acted willfully, and that this deficiency in its prosecution amounts to a structural error in light of *United States v. Gary*. (*Id.* at 3–5).

## II.     Standards of Review

Respondent requests that Miller's motion be dismissed. (ECF No. 116 at 8). Respondent does not articulate under which rule's authority it seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with its motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018); Rule 12, *Rules Governing Section 2255 Proceedings for the United States District Courts* (stating that "[t]he Federal Rules of Civil Procedure … to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the motion as true and "draw all reasonable factual inferences" in favor of the movant. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d

5

at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Miller's petition, originally filed as a petition for a writ of habeas corpus under § 2241, is construed as a motion under § 2255. A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to

6

determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

### III. Discussion

Claims under 28 U.S.C. § 2255 are governed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year statute of limitations. Under the AEDPA, a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, Miller's judgment of conviction was entered on November 16, 2012. (ECF No. 55). Miller appealed, and the Fourth Circuit's decision affirming the District Court's judgment was entered on June 18, 2013. (ECF No. 70). Miller did not petition the Supreme Court of the United States for a writ of certiorari, and his conviction therefore became final in 2013. Miller did not file the instant § 2255 motion until December 12, 2019, more than five years after the deadline had lapsed. (ECF No. 108 at 1). Consequently, Miller's motion is time barred under § 2255(f)(1), unless he can demonstrate that he is entitled to equitable tolling, or that one of the other subsections of

7

§ 2255(f) applies to his case.

Miller contends that his conviction for illegal receipt of a firearm should be overturned in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). As such, Miller presumably seeks calculation of the AEDPA's one-year limitations period under § 2255(f)(3). In *Rehaif,* the Supreme Court considered whether, when prosecuting under 18 U.S.C. § 922(g), which prohibits certain individuals from possessing firearms and ammunition, the government must prove that an individual knew both that he engaged in the conduct of possessing a firearm, and knew that he had obtained the relevant status which made his possession of the firearm illegal. *See* 139 S. Ct. 2191, at 2194. In contravention to this Circuit's prior precedent, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995), the Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

*Rehaif* has no application here. Miller was convicted for possessing a firearm while under indictment pursuant to § 922(n), which is a different statutory provision than the one at issue in *Rehaif*. As Respondent noted, § 922(n) was unchanged by the Supreme Court's decision in *Rehaif,* because the provision already required proof of the "knowing" element. (ECF No. 116 at 5). In *United States v. Forbes*, the Fourth Circuit held that defendants must have knowledge of their pending indictment to be guilty under § 922(n). 64 F.3d 928, 932 (4th Cir. 1995). The Fourth Circuit took great pains to distinguish the holding of *Forbes* from its decision in *Langley* concerning § 922(g), which *Rehaif* later overruled. *Id.* at 933. As the elements necessary to establish guilt under § 922(n) remain untouched by *Rehaif,* this decision did not restart the one-year statute of limitations for

8

Miller's claim.

With respect to the other two provisions of § 2255(f), Miller does not claim that governmental action impeded his ability to bring a timely motion under § 2255. Similarly, he does not allege the existence of any new facts relevant to his convictions. As Miller fails to demonstrate a factual basis for equitable tolling of the limitations period, and does not satisfy any of the circumstances set forth in § 2255(f)(2) through (4), the undersigned **FINDS** that his motion is untimely and subject to dismissal.

Moreover, as the Government points out, Miller acknowledged the *mens rea* element of § 922(n) during his guilty plea colloquy. Miller admitted that he was under indictment by the State of West Virginia for the felony charge of malicious wounding at the time he received and then sold two firearms. (ECF No. 13 at 13-16). He further admitted that he *knew* he was under felony indictment, because he was arrested on the state charge, appeared before the court, and was released on bond prior to receiving and selling the firearms. (*Id.*). Miller misconstrues the *mens rea* element of § 922(n) to require the Government to prove that Miller knew, or was placed on notice of, the federal statute prohibiting an individual from receiving a firearm when the individual is subject to a pending felony indictment. To the contrary, § 922(n) only requires proof that the defendant knew he was under a felony indictment, and, while the indictment was pending, knew that he shipped, transported, or received a firearm—not that the receipt of the firearm was prohibited due to his status. Because Miller knew that he was under felony indictment and knew that he received a firearm while the indictment was pending, the "structural error" discussion contained in *United States v. Gary,* 954 F.3d at 203-05, and expressly relied upon by Miller in his rebuttal memorandum, is inapposite. Therefore, the undersigned further **FINDS** that Miller's structural error argument, as set forth in his

9

rebuttal memorandum, is without merit.

### IV.     Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 111), be **DENIED,** and that this civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and

Recommendations" to Movant and counsel of record.

**FILED**: November 4, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge